No. 674 December 20, 2023 701

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of H. R.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

H. R.,
*Appellant.*

Multnomah County Circuit Court
22CC05938; A179743

Monica M. Herranz, Judge pro tempore.

Submitted November 6, 2023.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

KAMINS, J.

Appellant appeals a judgment involuntarily committing her to the Oregon Health Authority for up to 180 days and prohibiting her from purchasing or possessing firearms. ORS 426.130. Absent *de novo* review, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (internal quotation marks omitted). Because the record was legally sufficient to allow a rational factfinder to conclude that appellant suffered from a mental disorder that makes her a danger to herself, we affirm.[1] ORS 426.005(1)(f)(A) (defining a "[p]erson with mental illness" as a person who, "because of a mental disorder," is "[d]angerous to self or others").

The trial court concluded that appellant suffers from schizoaffective disorder which renders her dangerous to herself. The evidence in the record included testimony that appellant's disorientation caused her to run into traffic on multiple occasions, forcing cars to honk and swerve to avoid hitting her, and that she lacked insight into that behavior. That evidence was legally sufficient to permit a rational factfinder to conclude that appellant presented a danger to herself. *See State v. W. B.*, 313 Or App 639, 640, 493 P3d 575 (2021) (holding that an appellant who "repeatedly walked into moving traffic without looking, causing cars to stop abruptly to narrowly avoid hitting him, and *** lacks insight into that behavior" presented a danger to himself); *c.f. State v. S. R. J.*, 281 Or App 741, 752, 386 P3d 99 (2016) (holding that an appellant stepping into the street and causing traffic to back up without being in the path of a car moving at high speed did not present a danger to self,

---

[1] Because we conclude that the state carried its burden of establishing that appellant suffered from a mental disorder that makes her a danger to herself, we need not consider appellant's argument that the state failed to establish that she is unable to provide for her basic needs. *See* ORS 426.005(1)(f) ("'Person with mental illness' means a person who, because of a mental disorder, is *one or more* of the following: *** Dangerous to self or others[;] *** Unable to provide for basic personal needs[.]" (Emphasis added.)); *State v. R. A.*, 209 Or App 647, 652, 149 P3d 289 (2006).

but observing that "past near-misses" of walking into traffic can allow for inference of likelihood of future harm to self).

Affirmed.